**In re Serge B. GUDMUNDSON, disciplinary proceeding.**

No. 13620.

Supreme Court of Utah.

Jan. 30, 1975.

———◆———

Pete N. Vlahos, Ogden, for Gudmundson.

Lauren M. Beasley, Salt Lake City, for Utah State Bar Assn.

HENRIOD, Chief Justice:

Review of a Bar Commission's recommendation of a year's suspension of appellant for unprofessional dealing with cases involving two clients.

---

1. Lopes v. Lopes, 30 Utah 2d 393, 518 P.2d 687.

2. 5 Wigmore on Evidence, 3d Ed., Secs. 1482–1484.

That punishment virtually appears to have become fait accompli during pendency, by reason of time and circumstance.

We are in accord with the Bar's position in this matter except to say, that in some measure of mitigation, the appellant, an erstwhile "in-good-standing" member for about quarter of a century has made overtures of restitution, remorse and atonement, and even a proffer of resignation.

We think that as a practical matter, suspension actually has eventuated here. We think appellant should be and is reprimanded, and should be required to recognize and comply with the rules of the Bar if he practices law. This interdiction includes payment of any costs incurred in investigative procedures, compliance with rules of the Bar pertaining to such resumption of practice, a showing of satisfactory qualification and character eligibility, after which he may, and should be able to practice his profession so long as he conforms, and without any insistence that he be required to drink of the chalice holding hemlock as further punishment.

ELLETT, CROCKETT, TUCKETT and MAUGHAN, JJ., concur.